IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERRY KEYS, # 37390-044,**

      Petitioner,

    vs.                                            Case No. 13-cv-410-DRH

**JAMES N. CROSS,**

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner, currently incarcerated in the Greenville Federal Correctional institution ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He challenges the respondent's decision regarding the length of his placement in a Residential Reentry Center ("RRC") as well as his eligibility for six months of home confinement during the final portion of his sentence. The petition was filed on April 29, 2013. In addition, petitioner has filed a motion for an expedited emergency hearing (Doc. 3).

    Petitioner pled guilty to conspiracy to distribute cocaine, and was sentenced on December 10, 2010, to 120 months in prison. *United States v. Keys*, 10-cr-344 (E.D. Mo.). In September 2012, his sentence was reduced to 60 months after the new sentencing guidelines were applied.

    Petitioner asserts that he will become eligible for RRC (halfway house) placement as of May 18, 2013, if he were granted the full 12 months of RRC

placement that is available under the Second Chance Act (Doc. 1, p. 7). *See* 18 U.S.C.A. § 3624(c).[1] The petition does not clearly state what amount of RRC time petitioner was granted. However, he argues that the decision was arbitrary and biased, because other similarly situated inmates have been granted the full 12 months of RRC placement, yet he was given less time. Petitioner further states that he challenged the adverse decision and has exhausted the administrative appeal process (Doc. 1, p. 7). As relief, he seeks a "complete and unbiased review" of his needs for rehabilitative placement, as well as an injunction to require the Bureau of Prisons to implement a fair and unbiased system of evaluating inmates for RRC placement (Doc. 1, p. 8).

**Pending Motion**

The motion for an expedited emergency hearing (Doc. 3) is **DENIED.** After the government has had an opportunity to respond as directed below, the Court shall determine whether a hearing is warranted.

**Filing Fee**

Petitioner filed this habeas action without payment of the $5.00 filing fee, nor did he file a motion for leave to proceed in forma pauperis ("IFP"). The Clerk has advised him of his filing fee obligations (Doc. 2) and has furnished him a blank form motion for leave to proceed IFP.

---

[1] According to the inmate locator feature on the website of the Bureau of Prison (www.bop.gov), petitioner's projected release date is November 15, 2014. Based on this projection, petitioner would have to be granted the full 12 months of RRC placement, on top of the full six months of home confinement, in order to be released from Greenville on May 18, 2013.

**IT IS THEREFORE ORDERED** that petitioner shall either pay the $5.00 filing fee or submit his motion for leave to proceed IFP, no later than **May 29, 2013**. **Failure to comply with this Order SHALL result in dismissal of this case without further notice.** *See* FED. R. CIV. P. 41(b).

<u>Disposition</u>

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[2]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead by May 28, 2013. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), <u>only if all the parties consent to such a referral.</u>

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 6, 2013**

David R. Herndon
2013.05.06
15:45:01 -05'00'

**Chief Judge**
**United States District Court**