IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERRY KEYS,

Petitioner,

vs.                                                      No. 13-0410-DRH

WARDEN JAMES CROSS,

Respondent.

## MEMORANDUM and ORDER

HERNDON, Chief Judge:

### I. Introduction

On April 29, 2013, petitioner Jerry Keys filed a habeas corpus petition 28 U.S.C. § 2241 challenging the execution of his sentence (Doc. 1). At the time he filed the petition, he was incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"). He challenges the respondent's decision regarding the length of his placement in a Residential Reentry Center ("RRC") as well as his eligibility for six months home confinement during the final portion of his sentence. He maintains that he was not properly evaluated by staff when he was recommended for six months placement in a RRC. Respondent opposes the motion. Based on the following, the Court **DENIES** the petition and **DISMISSES** without prejudice this cause of action.

Keys pled guilty to conspiracy to distribute fifty grams or more of cocaine base "crack" and was sentenced on December 10, 2010 to 120 months in prison.

*United States v. Keys*, 10-cr-0344-JCH (E.D. MO).  In September 2012, his sentenced was reduced to 60 months after the new sentencing guidelines were applied.  He has a projected release date of November 15, 2014, via good time credit.

Keys asserts that he will be become eligible for RRC placement as of May 18, 2013, if he were granted the full 12 months of RRC placement that is available under the Second Chance Act.  He maintains that the decision was arbitrary and biased, because other similarly situated inmates have been granted the full 12 months of RRC placement, yet he was given less time.

In November 2012, Keys filed a Request for Administrative Remedy (BP-9) in November 2012 requesting 12 months of RRC placement and six months home confinement.  Respondent denied his request, noting that his sentence had been recently reduced by half, that he had family and community ties and access to financial resources.  Keys appealed this decision to the North Central Regional Office stating that in his Regional Administrative Remedy Appeal (BP-10) that he wants a complete review of the Warden's decision and he believes that longer placement would better meet "the true purpose of the Second Chance Act."  That appeal was denied.  He then appealed by filing a Central Office Administrative Remedy Appeal (BP-11) seeking complete review.  He has not received a response to that appeal.

## II. Analysis

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Under 18 U.S.C. § 3624(c) (the Second Chance Act,) the Bureau of Prisons (BOP) has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.*

The plain language of the Act establishes that inmates are not entitled to the full 12 months of placement in a RRC. § 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id*. The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available.

In exercising this discretion, the BOP must make its decision on an individual basis, and in a manner consistent with 18 U.S.C. § 3621(b), in order to "provide the greatest likelihood of successful reintegration into the community." 28 C.F.R. § 570.22. 18 U.S.C. § 3621(b) lists the following factors to be considered in the BOP's evaluation:

> (1)the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). These statutory provisions are echoed in the BOP's promulgated rules set forth at 28 C.F.R. §§ 570.20-21. If the [BOP] considers the relevant factors in making its determination, a challenge … could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet." *Woods v. Wilson*, 2009 WL 2579241, 2 (N.D. Ill. 2009).

Here, Keys filed this petition arguing that the BOP did not properly evaluate him when he was recommended for six months placement in the RRC. He maintains that he is eligible for the full benefits under the Act. Despite Keys assertions, the Court finds that the record reflects otherwise. In the November 26, 2012 Response to Administrative Remedy, Warden James Cross found:

> Upon review of your case, it was determined that you recently received a sentence reduction from 120 months to 60 months. You currently have at least some family/community ties as evidenced by

> having received 33 visits in the last 12 months and having a current account balance of $2,137.34. Based upon the amount of time you have served, your release needs, and your ties to the community it has been determined that you can successfully reintegrate into society with 6 months or less of RRC placement.

(Doc. 14-3, p. 3). Thereafter, on December 21, 2012, Regional Director Paul M. Laird denied Keys' Regional Administrative Remedy Appeal stating:

> We have reviewed your appeal and the Warden's response dated November 22, 2012.... Your case was evaluated on June 21, 2012, to determine if you warrant additional RRC placement utilizing the five criteria under the eligibility provisions of the Act. Based on your release needs, unit staff determined a placement of up to 180 days would be sufficient for reintegration back into the community. Accordingly, the institution's decision is supported.

(Doc. 14-3, p. 5).

Based on the record, the Court concludes that the BOP followed the provisions of 28 C.F.R. 570.22 and considered the relevant factors in 18 U.S.C. § 3621(b) in making its assessment. It is not the role of the Court to conduct an independent review of the § 3621(b) factors and make a *de novo* determination as to Keys' placement. Rather, the BOP's decision is entitled to deference so long as it is not arbitrary, lacking any rational basis or otherwise contrary to the requirements of the statute. Keys has not shown that the BOP's decision in his case implicates any of those concerns.

Furthermore, even if this Court were to determine the BOP's decision was arbitrary, lacking any rational basis or otherwise contrary to the requirements of the statute, it does not appear that the Court would be able to order immediate RRC placement, but rather, would merely direct the BOP to reconsider its

decision in light of the Act's requirements. *See, e.g., Michael v. Shartle*, 2010 WL 2817223, *3 (N.D. Ohio 2010).

### III. Conclusion

Accordingly, the Court **DENIES** Keys' 28 U.S.C. § 2241 habeas corpus petition (Doc. 1). The Court **DISMISSES with** prejudice this matter. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 20th day of November, 2013.

David R. Herndon
2013.11.20
23:38:47 -06'00'

**Chief Judge
United States District Court**